# CASES

### IN THE

# APPELLATE COURTS OF ILLINOIS.

## THIRD DISTRICT—NOVEMBER TERM, 1877.

## CATHARINE WHEELAN

### v.

## ELLEN FISH.

1. FORCIBLE DETAINER—DEMAND FOR POSSESSION.—Under the statute relating to forcible detainer the party claiming the right to possession must show not only that she is entitled to the possession, but that the defendant unlawfully withholds such possession after demand made. So, where appellee claimed the right to possession by virtue of a sale under a foreclosure against the husband of appellant, she being also a party defendant in the foreclosure proceedings, it was *held* that appellee had brought herself within the provisions of the statute, except that she did not make demand and commence proceedings against the husband and wife, who were both parties to the foreclosure, and were both in possession of the premises.

2. DEMAND UPON WIFE—LEGAL POSSESSION IN HUSBAND.—When the trust deed through which appellee acquired her rights was executed, the husband was seized in fee of the premises, and the wife joined in the conveyance only to pass her right of dower and homestead. The husband was then legally in possession, and it appears that such possession has continued—the husband and wife occupying the premises as their joint home. While the marital relation continued, the possession was that of the husband, and the wife had no right, and could not be required to give up that which did not belong to her; she had no possession to surrender, and hence a demand for possession upon her alone was not sufficient to base an action of forcible detainer, and a separate action cannot be maintained against her.

3. TRYING TITLE IN THIS ACTION.—Upon the trial, appellant offered to show that subsequent to the sale to appellee, the premises in suit had been conveyed to appellant by sheriff's deed, based upon a sale upon execution

(447)

against her husband. This evidence was refused—the court below very prop-
erly refusing to allow the validity of title to the land to be tried in this pro-
ceeding.

APPEAL from the Circuit Court of Macoupin county; the
Hon. C. S. ZANE, Judge, presiding.

Mr. BALFOUR COWEN and Mr. HORACE GWIN, for appellant;
contending for the right to show an outstanding title in appel-
lant, and that such title did not enure to her grantor, she hav-
ing signed the trust deed only to pass dower and homestead,
cited Strawn v. Strawn, 50 Ill. 256; Botsford v. Wilson, 75 Ill.
132; Oglesby Coal Co. v. Pasco et al. 79 Ill. 164; Gonzales v.
Hukil, 49 Ala. 260; Jackson v. Vanderheyden, 17 Johns. 167;
Herman on Estoppel, 433; 20 Am. R. 282.

Mr. J. G. KOESTER, for appellee.

DAVIS J. This was an action of forcible detainer, com-
menced by Ellen Fish against Catharine Wheelan, a married
woman, to recover the possession of a tract of land described
in the complaint filed in this case.

The record discloses that in June, 1873, James Wheelan, and
Catharine his wife, the appellant, executed their deed of trust
to Henry Fish for the land in controversy to secure the pay-
ment of a promissory note made by the husband for $500, due
one year after date.

After the maturity of the note, the appellee obtained a
decree in chancery at the December term, 1875, of the Macou-
pin Circuit Court against the said James Wheelan and Catha-
rine, his wife, for the foreclosure of the deed of trust. Under
that decree the land was sold by the master in chancery, and
after the expiration of the time to redeem, a deed was executed
by him to the appellee, who was the purchaser at the sale, con-
veying to her the land in dispute. Afterward, and before the
commencement of this suit, the appellee demanded of the
appellant the immediate possession of the land so purchased
by and conveyed to her.

Upon the trial below, the appellant attempted to show that

after the execution of the deed of trust, and after the master in chancery had executed his deed to the appellee for the land in controversy, the same was conveyed to the appellant by Seymour C. Wilcox, who had, on the 30th day of May, 1876, received a conveyance of the same from the sheriff of Macoupin county, under a sale on execution issued on a judgment obtained against the said James Wheelan at the August term, 1870, of the Circuit Court of Macoupin county. But the court very properly refused to permit the appellant to make such defense, or in any manner to try the validity of the title in this proceeding.

On the case made by the appellee, the court below found in her favor, and gave judgment that she recover the possession of the premises, and that she have a writ of possession therefor. In so finding and giving judgment for the appellee we think the court erred.

This proceeding was based on the sixth clause of section 2 of chapter 57 of the Revised Statutes of 1874, entitled "Forcible Entry and Detainer," which provides, "that the person entitled to the possession of lands or tenements may be restored thereto when land has been sold under the judgment or decree of any court in this State, or by virtue of any sale made under any power of sale in any mortgage or deed of trust contained, and the party to such judgment or decree, or to such mortgage or deed of trust, after the expiration of the time of redemption, when redemption is allowed by law, refuses or neglects to surrender possession thereof, after demand in writing by the person entitled thereto, or his agent."

The appellee brought herself within the provisions of this act in all respects, except that in making a demand and commencing her proceeding to recover possession, she did not make that demand and commence the proceedings against the husband and wife, who were both parties to the chancery cause in which the decree of foreclosure was obtained, and were both in possession of the premises claimed by appellee.

Under this statute, to enable the appellee to recover she must show, not only that she was entitled to the possession, but that the appellant unlawfully withheld that possession on demand

made. When the trust deed was executed, James Wheelan, the husband, was seized in fee of the land, and it was given to secure the payment of a debt due by him alone, and the wife joined in the conveyance only to pass her right of dower and homestead in the land.

At that time the husband was legally in possession of the premises; and while it is not shown directly that he was occupying them as his home, it does appear from the whole case that the husband and wife were then living together upon the premises, and have since occupied and enjoyed them as their joint home.

While the husband was thus living there in his own home, the wife surely had the right to live with him, and that right could not be disturbed while the marital relation existed between them.

When the demand of the appellee was made on the appellant for the possession of the premises, the appellant had no possession to surrender. The possession was that of the husband, and the wife had no right, and could not be required, to give up that which did not belong to her. The husband being legally in the possession of the premises in controversy, and the wife being there with him, as she had the right to be, she did not unlawfully withhold the possession of the premises on demand made, and the separate action against her cannot be maintained. The judgment against her must be reversed.

Reversed and remanded.